Commonwealth ex rel. Schiavo *v.* Banmiller.

Argued March 21, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Matthew Kramer,* with him *David H. Kubert,* for appellant.

*Lawrence M. Aglow,* Assistant District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attor-

ney, and *Victor H. Blanc*, District Attorney, for appellee.

OPINION BY WRIGHT, J., April 11, 1957:

Upon a plea of guilty to a charge of burglary, Joseph Schiavo was sentenced (No. 413 August Sessions 1947) by the Court of Quarter Sessions of Philadelphia County to serve not less than ten nor more than twenty years in the Eastern State Penitentiary. On March 18, 1952, his minimum sentence was commuted to four years and nine months, expiring on April 17, 1952, and Schiavo was thereafter paroled. On or about November 2, 1954, Schiavo was arrested on another criminal charge. Although subsequently acquitted, he was given a hearing before the Board of Parole, and was returned to prison as a technical parole violator for several other reasons, not here necessary to detail. The commitment was dated February 3, 1955, but was made effective November 2, 1954, the date of his arrest. Schiavo filed a petition for a writ of habeas corpus, which was dismissed by the court below, and this appeal followed.

Appellant's statement of the questions involved is as follows: 1. "Can parolee who allegedly violates the terms of his parole, without committing a crime, be declared delinquent if he has not been brought before the Board of Trustees of the institution which alone can declare him delinquent? 2. Does the Act of August 6, 1941, P. L. 861 . . . in any manner change the procedure where technical violator of parole can only be declared delinquent by the Board of Trustees of the penal institution?" These questions were combined for the purposes of argument, and the one issue before us is whether a technical parole violator, before being recommitted, is entitled to a hearing before the Board of Trustees of the penal institution from which he was paroled.

Section 2 of the Act of May 1, 1929, P. L. 1182, 61 PS 310, provides that, before being recommitted, a technical parole violator shall be given an opportunity to appear before the Board of Trustees of the penal institution from which he was paroled. Appellant contends that his right to a hearing before the Board of Trustees still prevails despite the Act of August 6, 1941, P. L. 861, 61 PS 331.1 et seq., which established the Pennsylvania Board of Parole and repealed the Act of May 1, 1929, P. L. 1182 in so far as it relates to persons over whom exclusive jurisdiction is now vested in the Board of Parole. Reliance is placed upon the following dictum of the Supreme Court in *Commonwealth ex rel. Tate v. Burke*, 364 Pa. 179, 71 A. 2d 241 (1950) : "It is plain enough that a [technical] parole violator . . . must be arrested and given an opportunity to appear before the board of trustees of the penitentiary, to which he is returned, before the Board of Parole can declare such convict delinquent".

A sufficient answer to appellant's contention is that the rule actually applied in the *Tate* case, supra, was overcome by the Act of August 24, 1951, P. L. 1401, 61 PS 331.21 (a). That statute expressly provides that a technical parole violator may be recommitted after hearing before the Board of Parole. It adds to the Act of 1941, supra, a new section which must be read in connection with section 32 of the original statute: *Commonwealth ex rel. Davidson v. Maroney*, 177 Pa. Superior Ct. 82, 110 A. 2d 822 (1955).

The precise question which appellant here raises was considered in *Commonwealth ex rel. Klinefelter v. Pa. State Board of Parole*, 65 Dauphin 195 (1953), involving a mandamus action to compel the Board of Parole to refer the case of a technical parole violator to the Trustees of the Eastern State Penitentiary. In an able opinion by Judge Neely it was held that ju-

risdiction to determine the question of delinquency is now exclusively in the Board of Parole, and that a hearing before the Board of Trustees is no longer required. This was the position taken by Judge GRIFFITHS in the case at bar, and we are entirely satisfied that it is the correct view.[1]

The order of the lower court is affirmed.

[1] The Act of July 29, 1953, P. L. 1424, 71 P.S. 306, which amends the Administrative Code of April 9, 1929, P. L. 177, outlines the powers and duties of the Boards of Trustees and the Commissioner of Correction, and provides that the Governor, by Executive Order, shall designate which powers and duties shall be exercised by the Commissioner of Correction and which shall be exercised by the Boards of Trustees. Executive Order No. 28, dated August 3, 1955, provides that all of the said powers and duties shall be exercised by the Commissioner of Correction. We are informed that, since the effective date of the Order, the Boards of Trustees have not been meeting.